UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action Number 04-11867 NG

| | |
|---|---|
| Susan Lang ) | RECEIPT # 58263 |
|    Plaintiff ) | AMOUNT $ 150.00 |
| ) | SUMMONS ISSUED 1 |
| Vs. ) | LOCAL RULE 4.1 |
| ) | WAIVER FORM |
| Landmark School, Inc. ) | MCF ISSUED |
| Defendant ) | BY DPTY. CLK. M.P. |
| ) | DATE 8/26/04 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

MAGISTRATE JUDGE JGD

**Introduction**

1. This is an action under MGL Chapter 151B, 42 USC Sec. 12101 and 42 USC Sec. 2000e, for unlawful discrimination based upon disability and perceived disability, and failure to accommodate a disability. The action is brought by Plaintiff Susan Lang, a female who has suffered from cancer. Ms. Lang had been employed until January 2004 by Landmark School, Inc. as a an assistant in the business office of Landmark School, Inc. Ms. Lang was fired on January 6, 2004, due to Defendant's illegal actions, due to the disability discrimination she was subjected to by Defendant.

**Jurisdiction and Venue**

2. Jurisdiction over this matter lies in this Court pursuant to 42 USC Section 2000e-5, 28 USC Section 1343, 42 USC Section 12101 et seq. and 28 USC Section 1367 (supplemental jurisdiction).

3. Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Prides Crossing, Essex County, Massachusetts. On information and belief, the

1

employment records related to Plaintiff's employment with Defendant are also located within Prides Crossing, Essex County, Massachusetts.

4. On March 4, 2004 Ms. Lang filed a timely charge of discrimination on the basis of disability and perceived disability with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission.

5. In the Spring of 2004 Ms. Lang requested that her charges of discrimination pending at the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission be withdrawn to allow her to file suit in court. These requests have been granted. On June 2, 2004 a Right To Sue Letter was sent to Ms. Lang by the Equal Employment Opportunity Commission. The Right to Sue letter is appended to this Complaint as Attachment A. Ms. Lang has exhausted her administrative remedies and has timely invoked the jurisdiction of this Court.

**The Parties**

6. Plaintiff Susan Lang is a resident of Beverly, Essex County, Massachusetts. She is a citizen of the United States.

7. Defendant Landmark School, Inc. ("Landmark") is the entity by which Plaintiff was employed. It is a domestic corporation.

8. At all times relevant to this Complaint, Landmark was an "employer" within the meaning of MGL Chapter 151B section 5, and was a "person" within the meaning of MGL Chapter 151B section 4. At all times relevant to this Complaint, Landmark was an employer within the meaning of 42 USC Section 2000e, was engaged in an industry affecting commerce within the meaning of 42 USC Section 2000e, and in all other respects met all of the requirements for coverage under 42 USC Section 2000e and MGL Chapter 151B.

9. At all times relevant to this Complaint Ms. Lang performed her job in a satisfactory manner. At all times relevant to this Complaint, Ms. Lang has been a qualified handicapped person, a

2

qualified person with a disability, and has had a disability, as those terms are defined in MGL Chapter 151B and the Americans With Disabilities Act.

**Factual Background**

10. Until January 6, 2004, Susan Lang was employed by Landmark School, Inc. ("Landmark") of Prides Crossing, Massachusetts. On January 6, 2004, Ms. Lang's employment by Landmark was terminated, when Ms. Lang was fired. The reason Ms. Lang was fired was illegal discrimination against her due to a real or perceived disability, and Landmark's refusal to continue making a reasonable accommodation to her disability (breast cancer, metastatic disease, and treatment for breast cancer and metastatic disease), in violation of M.G.L. c.151B as well as the Americans with Disabilities Act.

11. While she was employed by Landmark, Ms. Lang always performed her job in a satisfactory manner.

12. At the time she was fired, Ms. Lang had worked for Landmark for approximately 12 years. Ms.. Lang was hired by Landmark in 1992, when she worked as an "Accounts Payable Clerk." At the time her employment was terminated, Ms. Lang was working for Landmark helping the Comptroller of Landmark, Elaine McCormack, with various of her accounting and clerical duties. Ms. Lang's title at the time she was fired was "Business Office Assistant." This included Ms. Lang's responsibilities in sending out mailings from Landmark including bulk mailings. Ms. Lang's immediate supervisor was Elaine McCormack, the Comptroller. Also in Ms. Lang's chain of command was Mark Brislin, the Vice President of Finance, who was Elaine McCormack's supervisor. The Landmark School is a private educational facility.

13. In March of 1995, Ms. Lang was diagnosed with breast cancer. Ms. Lang took a six month disability leave from her job from May, 1995 to November, 1995, to undergo chemotherapy treatment. Ms. Lang returned to work in November of 1995 on a part-time basis.

14. In March of 1998, Ms. Lang developed metastatic breast cancer. Although Ms. Lang cut back her work hours, she continued to work after this diagnosis. During the summer of 1998, Ms. Lang's father tragically died, and in order to deal with her duties as executrix of his estate, she took three (3) months off from work. Ms. Lang returned to work in November, 1998.

15. When Ms. Lang returned to work in November, 1998, her job duties had changed. She was now handling miscellaneous cash receipts, and did various billing work as well as helping the Accounts Payable Clerk as needed. Ms. Lang was now an hourly employee working less than 20 hours per week. Additionally, on occasion she would help Ms. McCormack with some of her duties.

16. During the summer of 2001, Ms. Lang's metastatic breast cancer had been diagnosed as progressing to her liver. Accordingly, Ms.. Lang's treatments for the metastatic breast cancer became more aggressive and she required weekly medical appointments. Ms. Lang was able to work her 12 to 15 hours per week around her medical appointments. Ms. Lang always got her work done, and no one ever told her they had any problems with her job performance. Ms. Lang got her job done in a satisfactory and complete manner.

17. In the spring of 2003, Ms. Lang was no longer eligible for health insurance coverage through her ex-husband's health insurance plan. Accordingly, Ms. Lang spoke to Mr. Brislin about getting health insurance through Landmark. In order to enable her to get health insurance through Landmark, Mr. Brislin agreed to let Ms. Lang work 20 hours per week. At the time, he asked Ms. Lang if she was physically able to work 20 hours per week, and she said that indeed she was. Accordingly, starting in the spring of 2003, Ms. Lang began to work 20 hours per week for Landmark.

18. In the summer of 2003, Ms. Lang was told by Ms. McCormack and Mr. Brislin that along with her accounting duties, she was now responsible for the daily outgoing mail and assisting with the bulk mailings which were going to be done by Landmark. Prior to this time, the daily

mail had been Ms. McCormack's responsibility and the bulk mailings had been done by an outside contractor.

19. Ms. Lang's immediate response to this new assignment was to state to Ms. McCormack and Mr. Brislin that once a week she had to be at Massachusetts General Hospital for chemotherapy treatments for her illness. In response, Ms. McCormack told Ms. Lang that she (Ms. McCormack) would be Ms. Lang's "back-up," and that on the days Ms. Lang went into Massachusetts General Hospital for chemotherapy treatments, Ms. McCormack would handle the mail. Additionally, Ms. McCormack stated that bulk mailings would not be scheduled to go out while Ms. Lang was receiving chemotherapy treatments. With this reasonable accommodation being made to Ms. Lang's disability, she agreed to take on the new duties.

20. In October, 2003, new mail equipment was delivered and set up. Ms. McCormack and Ms. Lang were trained on the daily postage machine.

21. Landmark was to be closed from December 24, 2003 through January 1, 2004. As January 2, 2004 was a Friday, and no one from the business office was planning to come in, on December 23, 2003, Ms. Lang stated that she would come in on January 2nd for 2 hours and run the daily mail. However, when Ms. Lang got home on December 23rd, she realized that she had to be at Massachusetts General Hospital on January 2nd for chemotheraphy treatments. Accordingly, once Ms. Lang realized she could not come in on January 2nd, she immediately called Ms. McCormack at Landmark and left her a voicemail letting her know that. On January 1st, Ms. Lang called Ms. McCormack at home and spoke to her. Ms. Lang told Ms. McCormack that she could not come into work on January 2nd, because she had a chemotherapy treatment that day. Ms. McCormack sounded quite annoyed with Ms. Lang and said to her in an angry manner, "I guess I will have to go into work tomorrow."

22. Ms. Lang reported to work on Monday, January 5, 2004, and Ms. McCormack sent her an email concerning two bulk mailings for January and told her to start working on them. Ms. Lang

5

did that. At one point, Ms. Lang went into Ms. McCormack's office to ask her something about the bulk mailings and Ms. McCormack made a comment to Ms. Lang that she did not think that Landmark would be doing bulk mailings by the summer.

23. On Tuesday, January 6, 2004, at approximately lunchtime, Ms. McCormack very quickly ran out of the building in which she worked. As soon as Ms. McCormack left the building, Mr. Brislin came into Ms. Lang's office and starting saying things to the effect that he had to find a solution to "the problem," things were just not working out, Elaine had been so upset lately, Elaine might just walk out the door and not come back, Landmark needs a good accountant, he felt just terrible, Ms. Lang had her children on her insurance, Ms. Lang didn't really need the money they were paying her, and that he would pay Ms. Lang through the end of the month and pay for 2 months of health insurance. At this point it occurred to Ms. Lang that Mr. Brislin was firing her. Mr. Brislin had tears in his eyes as he and Ms. Lang discussed her getting health insurance under the COBRA law. Mr. Brislin said he was so sorry and that he felt terrible.

24. The reason Ms. Lang was fired on January 6, 2004, was that her supervisor, Elaine McCormack, was no longer willing to make the reasonable accommodation to Ms. Lang's disability of either herself or someone else performing Ms. Lang's job duties on the one day a week she could not report to work because of her need to have chemotherapy treatments. There was no other reason to fire Ms. Lang, and Ms. McCormack resented having to perform the mail duties which she had to pick up when Ms. Lang was out receiving treatment. For many years, Ms. McCormack had made sarcastic comments about having an MBA degree and being Landmark's Comptroller, but still being "Landmark's mail lady." On information and belief, Ms. McCormack pressured Mr. Brislin to fire Ms. Lang so that she would no longer have to do Ms. Lang's duties one day per week.

25. After Ms. Lang was fired, her position was posted. On information and belief, the posting went up on January 15th. The posting stated that the position was available immediately, that the

position was a Business Office Assistant, and the posting included all of Ms. Lang's duties. Regarding the hours of the position the posting stated the following, "20 hours per week/5 days per week necessary. Schedule each day may be worked out, but must accommodate Landmark's mailing schedule/deadlines." The statement in the job posting that five days of work per week was required for the position, is an admission by Landmark that it was dissatisfied with having to make the reasonable accommodation to Ms. Lang's disability of having someone other than Ms. Lang perform her duties on Fridays when she had to go to the hospital to receive chemotherapy treatments.

26. The reason Ms. Lang was fired, was bias against her by Mr. Brislin and Ms. McCormack because of her breast cancer and her metastatic breast cancer, and because Landmark was no longer willing to make the reasonable accommodation to Ms. Lang's illness of letting her not work on Fridays so that she could obtain chemotherapy treatments for her cancer. Ms. Lang was fired because Landmark was no longer willing to make reasonable accommodation to her disability. Ms. Lang was fired from her position with Landmark due to discriminatory animas against her due to her medical condition.

27. The actions of Landmark set forth above constitute illegal discrimination against Ms. Lang due to a real or perceived disability, and the illegal failure to accommodate a disability, in violation of M.G.L. c.151B, 42 U.S. Code Section 2000e and the American With Disabilities Act.

28. The illegal actions of Landmark against Ms. Lang set forth above were knowing, intentional and willful.

29. Because of the illegal actions of Landmark set forth above, Ms. Lang have been caused to suffer, and will continue to suffer, substantial financial and emotional injuries.

**Count I-Against Defendant Landmark School, Inc. for Discrimination On the Basis of a Real or Perceived Disability, and for Failure to Accommodate a Disability in Violation of MGL Chapter 151B**

30. Plaintiff realleges and incorporates by reference as if fully set forth herein paragraphs 1-29 above.

31. By its actions set forth above, Defendant Landmark School, Inc. has engaged in discrimination against Ms. Lang on the basis of a real or perceived disability, and has failed to accommodate Ms. Lang's disability, in violation of MGL Chapter 151B, 42 USC Section 2000e et seq., and 42 USC Section 12101 et seq.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant Landmark School, Inc., in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

**Count II-Against Defendant Landmark School, Inc. for Discrimination On the Basis of a Real or Perceived Disability, and for Failure to Accommodate a Disability in Violation of 42 USC Section 2000e et seq. and 42 USC Section 12101 et seq.**

32. Plaintiff realleges and incorporates by reference as if fully set forth herein paragraphs 1-31 above.

33. By its actions set forth above, Defendant Landmark School, Inc. has engaged in discrimination against Ms. Lang on the basis of a real or perceived disability, and has failed to accommodate Ms. Lang's disability, in violation of MGL Chapter 151B, 42 USC Section 2000e et seq., and 42 USC Section 12101 et seq.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant Landmark School, Inc., in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering,

interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.**

                                                          Susan Lang
                                                          By her attorney,
                                                          MITCHELL J. NOTIS

*[signature]*

MITCHELL J. NOTIS
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
617-566-2700
BBO# 374360

8/26/04

9

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Susan Lang
6 Devon Avenue
Beverly, MA 01915

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

Charge No.: 16C-2004-01148

EEOC Representative: Rance A. O'Quinn, Enforcement Supervisor

Telephone No.: (617) 565-3192

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Director

JUN 2 2004 (Date Mailed)

Enclosure(s)

cc: LANDMARK SCHOOL, INC.
429 Hale Street, Prides Crossing
Beverly, MA 01915

Mitchell J. Notis
Attorney At Law
370 Washington Street
Brookline, MA 02445

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Susan Lang

## DEFENDANTS
Landmark School, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 617-566-2700
Mitchell Notis
Law Office of Mitchell Notis    BBO# 374360
370 Washington St, Brookline, MA 02445

ATTORNEYS (IF KNOWN)
04 11867 NG

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff was fired from her job due to disability discrimination, in violation of 42 USC § 2000e and 42 USC § 12101

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: N/A    DOCKET NUMBER: _____

DATE: 8/26/04

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Susan Lang vs. Landmark School, Inc.**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   - I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - **[X] II.** 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - V. 150, 152, 153.

   **04-11867-NG**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   **N/A**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES  **(NO)**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)   YES  **(NO)**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?   YES  **(NO)**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).   **(YES)**   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **(EASTERN DIVISION)**   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Mitchell Notis**
ADDRESS **Law Office of Mitchell Notis, 370 Washington St, Brookline, MA 02445**
TELEPHONE NO. **617-566-2700**

(Cover sheet local.wpd - 11/27/00)