UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUSAN LANG, )
    Plaintiff, )
)
v. ) C.A. NO. 04-11867-NG
)
LANDMARK SCHOOL, INC., )
    Defendant. )
_____ )

## DEFENDANT'S ANSWER WITH JURY CLAIM

### First Defense

The **Complaint and Demand for Jury Trial** does not state a claim against Defendant Landmark School, Inc. ("Landmark") upon which relief can be granted.

### Second Defense

Landmark responds to the allegations of the **Complaint and Demand for Jury Trial**, paragraph by paragraph, as follows:

### Introduction

1. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences Paragraph 1 and, therefore, leave the Plaintiff to her proof. Landmark denies the remaining allegations of Paragraph 1 and calls upon Plaintiff to prove the same.

### Jurisdiction and Venue

2-3. Landmark does not respond to Paragraphs 2 and 3 because they state conclusions of law to which Landmark has no obligation to respond. To the extent a response is necessary, Landmark denies those allegations and calls upon Plaintiff to prove the same.

4-5. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4 and 5 and, therefore, leaves the Plaintiff to her proof.

### Parties

6. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, leaves the Plaintiff to her proof.

7. Landmark admits the allegations contained in Paragraph 7.

8. Landmark does not respond to Paragraph 8 because it states conclusions of law to which Landmark has no obligation to respond. To the extent a response is necessary, Landmark denies those allegations and calls upon Plaintiff to prove the same.

9. Landmark denies the allegations contained in Paragraph 9.

## Factual Background

10. Landmark admits the allegations contained in the first two sentences of Paragraph 10. Landmark denies the remaining allegations of Paragraph 10 and calls upon Plaintiff to prove the same.

11. Landmark denies the allegations contained in Paragraph 11.

12. Landmark denies that Elaine McCormack was Landmark's Comptroller. Landmark admits the remaining allegations contained in Paragraph 12.

13. Landmark admits the allegations contained in the last sentence of Paragraph 13. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and, therefore, leaves Plaintiff to her proof.

14. Landmark admits the iallegations contained in the last sentence of Paragraph 14. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, leaves Plaintiff to her proof.

15. Landmark admits the allegations contained in Paragraph 15. Answering further, Landmark notes that Plaintiff had an option as to which responsibilities she would assume upon her return in November 1998; the responsibilities she assumed were the responsibilities she chose.

16. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 16 and, therefore, leaves Plaintiff to her proof. Landmark denies the remaining allegations contained in Paragraph 16.

17. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the te allegations contained in the first sentence of Paragraph 17 and, therefore, leaves the Plaintiff to her proof. Landmark admits the allegations in the remaining sentences of Paragraph 17.

18. Landmark denies the allegations contained in the last sentence of Paragraph 18 and calls upon Plaintiff to prove the same. Landmark admits the remaining allegations of Paragraph 18.

19. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 19 and, therefore, leaves Plaintiff to her proof. Landmark denies the allegations contained in the last sentence of Paragraph 19 and, therefore, leaves Plaintiff to her proof. Landmark admits the remaining allegations contained in Paragraph 19.

20. Landmark admits the allegations contained in the last sentence of Paragraph 20. Landmark denies the remaining allegations of Paragraph 20 and calls upon Plaintiff to prove the same.

21. Landmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third, fourth and last sentences of Paragraph 21 and, therefore, leaves Plaintiff to her proof. Landmark admits the remaining allegations contained in Paragraph 21.

22. Landmark admits the allegations contained in Paragraph 22.

23. Landmark denies the allegations contained in the first and second sentences of Paragraph 23 and calls upon Plaintiff to prove the same. Landmark admits the remaining allegations contained in Paragraph 23.

24. Landmark denies the allegations contained in Paragraph 24 and calls upon Plaintiff to prove the same.

25. Landmark admits the allegations in the first and second sentences contained in Paragraph 25. Landmark denies the allegations contained in the last sentence of Paragraph 25 and calls upon Plaintiff to prove the same. Landmark does not respond to the remaining allegations of Paragraph 25 because they pertain to a document which speaks for itself. To the extent a further response is necessary to Paragraph 25, Landmark denies the same and calls upon Plaintiff to prove the same.

26-29. Landmark denies the allegations contained in Paragraphs 26-29 and calls upon Plaintiff to prove the same.

## Count One
### (Disability Discrimination and Failure to Accommodate in violation of Chapter 151B)

30. Landmark repeats and makes responses to Paragraphs 1-29 their responses to Paragraph 30 as if set forth herein.

31. Landmark denies the allegations contained in Paragraphs 31 and calls upon Plaintiff to prove the same.

## Count Two
### (Disability Discrimination and Failure to Accommodate in violation of 42 USCA 2000e, et seq. and 42 USCA 12101, et seq.)

32. Landmark repeats and makes responses to Paragraphs 1-31 their responses to Paragraph 32 as if set forth herein.

33. Landmark denies the allegations contained in Paragraphs 33 and calls upon Plaintiff to prove the same.

**WHEREFORE**, Landmark asserts that Plaintiff's claim are without merit and that they should be dismissed.

### Third Defense
Landmark's actions and conduct were performed according to and protected by law and/or legal process, and therefore, Plaintiff cannot prevail.

### Fourth Defense
Landmark states that Plaintiff can show no Landmark policy or custom violative of her civil rights; therefore, Plaintiff cannot prevail.

### Fifth Defense
Landmark states that it cannot be held vicariously liable for any civil rights violations that may have been committed by its employees.

### Sixth Defense
Landmark states that Plaintiff was not a qualified handicapped person.

### Seventh Defense
Landmark states that Plaintiff, even with an accommodation, was not performing her job functions in a suitable manner.

### Eighth Defense
Landmark did not deprive Plaintiff of any rights secured by the Constitution or laws of the United States and, therefore, she cannot recover.

### Ninth Defense
Landmark states that Plaintiff failed to mitigate her damages by refusing an offer of re-employment at Landmark.

### Jury Demand

Landmark demands a jury on all counts so triable.

> The Defendant,
> LANDMARK SCHOOL, INC.,
> By its attorneys,
>
> PIERCE, DAVIS & PERRITANO, LLP
>
> John J. Davis, BBO #115890
> Daniel G. Skip, BBO #629784
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

Dated: September 17, 2004

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 9-17-04.