UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11867-NG

| | |
|---|---|
| SUSAN LANG<br>Plaintiff | )<br>)<br>) |
| Vs. | )<br>) |
| LANDMARK SCHOOL, INC.<br>Defendant | )<br>)<br>)<br>) |

## PLAINTIFF'S AUTOMATIC DISCLOSURES PURSUANT TO RULE 26(a)

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff Susan Lang makes the following initial disclosures:

A. Witnesses
1. Susan Lang, 6 Devon Avenue, Beverly, MA 978-927-1491.
   Ms. Lang, the Plaintiff in this action, has knowledge regarding all of the allegations of the complaint in this matter.
2. Clayton Pudvah, 6 Devon Avenue, Beverly, MA 978-927-1491.
   Mr. Pudvah, Plaintiff's son, has knowledge of the emotional pain and suffering Defendant's actions caused Plaintiff to undergo, and was told of some of the discrimination at issue.
3. Lauren Pudvah, 6 Devon Avenue, Beverly, MA 978-927-1491.
   Ms. Pudvah, Plaintiff's daughter, has knowledge of the emotional pain and suffering Defendant's actions caused Plaintiff to undergo, and was told of some of the discrimination at issue.
4. Donald Lang. 880 Watertown Street, West Newton, MA 02165, 617-244-8151.
   Mr. Lang, Plaintiff's brother, has knowledge of the emotional pain and suffering Defendant's actions caused Plaintiff to undergo, and was told of some of the discrimination at issue.
5. David Lang and Eileen Lang. 2 Fosters Point, Beverly, MA 01915, 978-927-1103.
   Mr. And Mrs. Lang, Plaintiff's brother and sister in law, have knowledge of the emotional pain and suffering Defendant's actions caused Plaintiff to undergo, and were told of some of the discrimination at issue.
6. Patty Walsh, Landmark School, Pride's Crossing, MA 01965, 978-236-3010.
   Ms. Walsh was a coworker of Plaintiff who has knowledge of the quality and nature of Plaintiff's work.

1

7. Jodi Bertolino, Landmark School, Pride's Crossing, MA 01965, 978-236-3010. Ms. Bertoliino was a coworker of Plaintiff who has knowledge of the quality and nature of Plaintiff's work.
8. Mark Brislin, Landmark School, Pride's Crossing, MA 01965, 978-236-3010. Mr. Brislin was the Chief Financial Officer of Defendant. He supervised Ms. Lang's immediate supervisor. He has knowledge of many of the allegations of the complaint, as well as the nature and quality of Plaintiff's work, and the circumstances of and reasons for the termination of Plaintiff's employment with Defendant.
9. Elaine McCormack, Landmark School, Pride's Crossing, MA 01965, 978-236-3010. Ms. McCormack was the Controller of Defendant. She was Ms.. Lang's immediate supervisor. She has knowledge of many of the allegations of the complaint, as well as the nature and quality of Plaintiff's work, and the circumstances of and reasons for the termination of Plaintiff's employment with Defendant.
10. Anne Hyde, Landmark School, Pride's Crossing, MA 01965, 978-236-3010. Ms. Hyde was a coworker of Plaintiff who has knowledge of the quality and nature of Plaintiff's work.
11. Dr. Jerry Younger, MGH Cancer Center, 100 Blossom Street, Boston, MA 02114, 617-726-8698.
    Dr. Younger is one of Plaintiff's oncologists. He is has knowledge of Plaintiff's medical condition, and the requirements of her treatment.
11. Nancy Schaeffer, Oncology Nurse Practitioner, MGH Cancer Center, 100 Blossom Street, Boston, MA 02114, 617-726-8698.
    Ms. Schaeffer is one of Plaintiff's health care providers. She is has knowledge of Plaintiff's medical condition, and the requirements of her treatment.
12. Jonathan Inz, Medical Psychology Center, 100 Cummings Center, Beverly, MA 01915, 978-921-4000.
    Mr. Inz is Plaintiff's psychotherapist, and has provided psychotherapy to Plaintiff, both before and after the termination of her employment. He has knowledge of the emotional pain and suffering Defendant's actions caused Plaintiff to undergo, and was told of some of the discrimination at issue.

B. Categories of Documents

1. Plaintiff's medical and psychiatric records
2. Plaintiff's tax returns
3. Plaintiff's personnel file and other employment records
4. Correspondence and communications between Plaintiff and Defendants

C. Computation of Damages

Plaintiff has computed her lost past wages and benefits to be approximately $12,000.00, and her lost future wages and benefits to be approximately $14,200.00 per year for at least the next five years, but possibly continuing indefinitely into the future. Plaintiff has

2

not yet been able to compute any medical expenses she is claiming as damages. Plaintiff is unable to compute her pain and suffering damages, punitive damages, or attorneys fees.

                SUSAN LANG
                By her attorney,
                MITCHELL J. NOTIS

                MITCHELL J. NOTIS
                Law Office of Mitchell J. Notis
                370 Washington Street
                Brookline, MA 02445
                617-566-2700
                BBO# 374360

## CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that I served a copy of the foregoing document upon counsel for all other parties to this action by hand delivery, this first day of November, 2004.

Mitchell J. Notis

3